1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9  NASHWAN ALI YAQOUB, et al.,    )        No. CV-F-06-161 AWI/DLB
                                  )
10                                )        ORDER DENYING DEFENDANTS'
                                  )        MOTION TO SEVER AND DISMISS
11                Plaintiff,      )        AS MOOT (Doc. 20) AND
                                  )        VACATING ORAL ARGUMENT SET
12           vs.                  )        FOR AUGUST 28, 2006
                                  )
13                                )
   MICHAEL CHERTOFF, et al.,      )
14                                )
                                  )
15                Defendant.      )
                                  )
16  _____)

17       Plaintiffs Nashwan Ali Yaqoub and Krikor Vartanian filed a

18  Complaint for Declaratory Judgment of Naturalization under 8

19  U.S.C. §§ 1447(b) and 1421(c) and For Equal Access to Justice Act

20  under 5 U.S.C. § 504 and 28 U.S.C. § 2412.  Defendants are

21  Michael Chertoff, Secretary of Homeland Security; Eduardo

22  Aguirre, Director of the United States Citizenship and

23  Immigration Services; David Still, District Director of the

24  United States Citizenship and Immigration Services; and Don

25  Riding, Officer in Charge of Fresno Office of the United States

26  Citizenship and Immigration Services.  The Complaint alleges in

                                    1

pertinent part:

4.  On or about July 21, 2004, the Plaintiff, Nashwan Ali Yaqoub filed an application for naturalization with the USCIS office in Laguna Niguel, California.  On or about September 19, 2001, the Plaintiff, Krikor Vartanian filed an application for naturalization with the USCIS office in Laguna Niguel, California.

5.  Thereafter, all matters were transferred to the USCIS office in Fresno, California, because the Plaintiffs reside in Fresno, California.

6.  On or about January 25, 2005, Plaintiff, Nashwan Ali Yaqoub took and passed a test for United States Citizenship.  On or about February 6, 2003, Plaintiff, Krikor Vartanian took and passed a test for United States Citizenship.  Thereafter, Plaintiffs, and each of them have made inquiries about the status of their respective application and the reasons for delay in the adjudication thereof.  The Defendants' agents told them on each occasion, that they had to wait for a security clearance.

7.  Plaintiffs have a right to have Defendants adjudicate their application, and Defendants failure to take any action at all has denied Plaintiff his rights under 8 USC § 1421 and 8 USC § 1447.

8.  Defendants' inaction represents a denial of Plaintiffs' application, and this Court may review the matter *de novo* under 8 USC § 1421 and 1447(c).

9.  Plaintiffs have exhausted their administrative remedies.

10.  Plaintiffs desire a judicial determination of their naturalization application and a declaration that they are entitled to be naturalized as a citizen of the United States.

The Complaint also prays for attorneys' fees and costs under the

2

1   Equal Access to Justice Act, if they prevail.

2       Defendants move to sever and dismiss the claims of plaintiff

3   Vartanian on the ground that he "has no apparent or familial or

4   other relationship with plaintiff ... Yaqoub, and his application

5   is in no way derivative of that of plaintiff Yaqoub."

6   Defendants' motion is noticed for oral argument on August 28,

7   2006.

8       In moving to sever and dismiss plaintiff Vartanian,

9   defendants refer to *Coughlin v. Rogers,* 130 F.3d 1348 (9th

10  Cir.1997).

11      Federal Rule of Civil Procedure 20(a) permits joinder of

12  plaintiffs in one action where: "(1) the plaintiffs assert any

13  right to relief arising out of the same transaction, occurrence,

14  or series of transactions or occurrences; and (2) there are

15  common questions of law or fact." *Coughlin, supra*, 130 F.3d at

16  1350.  If the test for permissive joinder is not satisfied, a

17  court, in its discretion, may sever the misjoined parties, so

18  long as no substantial right will be prejudiced by the severance.

19  *Id.*  In such a case, the court can generally dismiss all but the

20  first named plaintiff without prejudice to the institution of

21  new, separate lawsuits by the dropped plaintiffs against some or

22  all of the present defendants based on the claim or claims

23  attempted to be set forth in the present complaint.  *Id*.  The

24  determination of whether severance is appropriate lies within the

25  sound discretion of the district court.  *Id.*

26      While severance of plaintiff Vartanian may have been

3

1    appropriate at the time defendants' motion was filed, it is noted

2    that thereafter plaintiff Yaquob moved for voluntary dismissal of

3    the Complaint, which motion was granted by Order filed on August

4    15, 2006.  Because the only plaintiff remaining in the action is

5    plaintiff Vartanian, the court, in the exercise of its

6    discretion, denies defendants' motion as moot.

7         ACCORDINGLY:

8         1.  Defendants' motion to sever and dismiss plaintiff

9    Vartanian is denied as moot.

10        2.  Oral argument set for August 28, 2006 is vacated.

11

12   IT IS SO ORDERED.

13   **Dated:    August 22, 2006  **                    _____/s/ Anthony W. Ishii_____
     0m8i78                                     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    4